MR. JUSTICE MORRISON
dissenting:
Judgment in this case was entered by the District Court on November 6,1980. The attorney’s fee issue was not completed until December 22, 1980. Had an appeal been taken from the November 6 judgment I have no doubt that this Court would have overruled a motion to dismiss the appeal as premature. Our holding surely would have been that the judgment became final November 6 and the notice of appeal filed from that judgment would be effective. Here, the majority attempts to fashion a rule to suit its purpose in an attempt to fashion an equitable result at the expense of an orderly and stable civil procedure.
The majority, knowing its position is weak, attempts to distinguish between Rule 60 and Rule 59 motions. The majority mistakenly relies upon 7 Moore’s Federal Practice Section 60.18[8], at 216.1 (2d ed. 1979). Rule 60(c) of the Montana Rules of Civil Procedure provides that Rule 60 motions shall be heard and determined within the times provided by Rule 59. There is no federal counterpart to Rule 60(c). Therefore, Moore’s is inapplicable.
I have always felt that litigants should “have their day in court” and that liberal construction should be given to procedural rules in order that this end might be facilitated. However, to achieve the result here wrought by the majority, requires a rewriting of the rules. This I will not do.
The District Court should be affirmed.